UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SENON P. OLIVAS,

        Plaintiff,

    v.

MIKE GRIFFIS, Sheriff/Jail Administrator,
and M.J. McKINNEY, Jail Captain,

        Defendants.

---

26-CV-1010-LJV
ORDER

The pro se plaintiff, Senon P. Olivas, is a prisoner confined at the Ector County Detention Center in Odessa, Texas.  *See* Docket Item 1.  On May 15, 2026, he commenced this action under 42 U.S.C. § 1983 alleging violations of his constitutional rights arising from events at the Ector County Detention Center.  *Id.*  This Court administratively terminated Olivas's case on May 21, 2026, Docket Item 3, but reopened it on June 22, 2026, after Olivas submitted a renewed motion to proceed in forma pauperis (that is, as someone who should have the prepayment of the ordinary filing fee waived because he cannot afford it).  *See* Docket Item 5.  For the reasons that follow, this action is transferred to the United States District Court for the Western District of Texas, Midland-Odessa Division.

## DISCUSSION

Under 28 U.S.C. § 1391(b), a civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).  Under § 1391(c) a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to "personal jurisdiction with respect to the civil action in question."  *See* 28 U.S.C. § 1391(c)(1), (2).

When a case is filed in a district in which venue is improper, the court shall dismiss the case "or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought."  28 U.S.C. § 1406(a).  "A district court may transfer a case pursuant to 28 U.S.C. § 1406(a) sua sponte."  *Grefer v. Chirco*, 2023 WL 1798728, at *1 (W.D.N.Y. Feb. 7, 2023) (italics omitted).  The purpose of the section 1406(a) transfer provision is to "remov[e] whatever obstacles may impede an expeditious and orderly adjudication of cases and controversies on their merits."  *Id.* (quoting *Rolle v. Berkowitz*, 2004 WL 287678, at *3 (S.D.N.Y. Feb. 11, 2004) (internal quotation marks omitted)).

Here, the events underlying the claims asserted in the complaint occurred at the Ector County Detention Center, which is located within the geographical confines of the Western District of Texas.  *See* 28 U.S.C. § 124(d)(7).  In fact, Olivas does not mention any conduct that occurred within the Western District of New York.  Moreover, Olivas does not allege that any defendant resides within this District.  *See* 28 U.S.C. § 1391(c)(1); *see also Cohn v. Doe, 1-10,* 2025 WL 3527764, at *1 n.1

2

(W.D.N.Y. Dec. 9, 2025) (explaining that when "public officials are sued in their official capacities, residence for venue purposes is where they perform their official duties" (quoting *Andrew H. by Irene H. v. Ambach*, 579 F. Supp. 85, 88 (S.D.N.Y. 1984))). Thus, there is no apparent basis for venue in this District.


## CONCLUSION

Based on the foregoing, this Court finds that venue for Olivas's action is not proper in this District.  In the interest of justice, this action is transferred to the United States District Court for the Western District of Texas, Midland-Odessa Division, under 28 U.S.C. § 1406(a).  This Court makes no ruling as to the sufficiency of the complaint, nor does it consider the merits of Olivas's renewed motion to proceed in forma pauperis, Docket Item 5.  The Court leaves those issues to the transferee court.

Therefore,

IT IS HEREBY ORDERED that the Clerk of the Court shall transfer this case to the United States District Court for the Western District of Texas, Midland-Odessa Division.


SO ORDERED.

Dated:   July 16, 2026
         Buffalo, New York


                                        */s/ Lawrence J. Vilardo*
                                        LAWRENCE J. VILARDO
                                        UNITED STATES DISTRICT JUDGE

3